# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT CHEATHAM, # 11425** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-7607** |
| **WARDEN** | **SECTION "S" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. The State has filed a Response contending that petitioner's application is time-barred. For the reasons which follow, the court hereby finds that the instant application for federal *habeas*

*corpus* relief is, in fact, timely and therefore ORDERS that the State file a response within thirty (30) days addressing the merits of Cheatham's habeas petition.[1]

## PROCEDURAL HISTORY

Petitioner, Robert Cheatham, is a state prisoner incarcerated in the Richland Parish Detention Center in Rayville, Louisiana.[2] Cheatham's conviction was affirmed by the Louisiana First Circuit Court of Appeal on June 25, 2004.[3] Petitioner's application requesting review of the First Circuit's decision was denied by the Louisiana Supreme Court on November 24, 2004.[4] Cheatham did not seek review with the United States Supreme Court.

Cheatham next filed a state post-conviction application with the trial court on

---

[1]The court wishes to acknowledge the assistance of C. Hagerty, a third-year law student at Tulane Law School, who assisted in the research and preparation of this decision.

[2]Cheatham was found guilty by a jury of attempted armed robbery on October 22, 2002 in Terrebonne Parish District Court, Case # 401875 "D". On November 15, 2002, Cheatham was sentenced to serve twenty years imprisonment at hard labor with credit for time served without benefit of probation, parole or suspension of sentence.
At the time this petition was filed, Cheatham was housed in the Claiborne Parish Detention Center. He subsequently notified the court that he had been relocated to the Richland Parish Detention Center.

[3]*State v. Cheatham*, 876 So.2d 970 (La. App. 1 Cir. 6/25/04)(Table, No. 2003-KA-2495), a copy of which can be found in State Rec. vol. 1.

[4]*State v. Cheatham,* 888 So.2d 227 (La. 11/24/04)(No. 2004-K-1794), a copy of which can be found in State Rec. vol. 1.

November 22, 2005.[5]  The trial court denied relief on the merits on June 23, 2006.[6]

Cheatham then filed for writ of review with the appellate court on September 8, 2006.[7]

The First Circuit, finding no error in the trial court's judgment, denied relief on

October 30, 2006.[8]  A subsequent writ to the Louisiana Supreme Court seeking review

was signed by Cheatham on November 27, 2006, and stamped as filed on December

18, 2006.[9]  The Louisiana Supreme Court denied relief on September 28, 2007.[10]

The instant petition for writ of habeas corpus was signed by Cheatham on

October 22, 2007 and stamped as filed on October 26, 2007.  Therein, petitioner

argues: 1) that defense counsel was ineffective; 2) that the State presented insufficient

evidence to convict; 3) that there were incompetent witnesses presented by a

vindictive prosecutor; and, 4) an illegal sentence was given.[11]  The State's response,

filed on January 29, 2008, asserts that petitioner's application is not subject to federal

---

[5]See State Court Rec. vol. Supp. 3 for a copy of the application filed.

[6]See State Court Rec. vol. Supp. 3 for a copy of the decision.

[7]See State Court Rec. vol. Supp.1 for a copy of the application, Writ No. 2006-KW-1788.

[8]See State Court Rec. vol. 1 for a copy of the decision.

[9]See State Court Rec. vol. 1 for a copy of petitioner's writ application, Writ No. 2006-KH-2962.  See also State Court Rec. vol. 1 for a copy of a letter from the Clerk, Louisiana Supreme Court, confirming the filing date for petitioner's writ application.

[10]See State Court Rec. vol. Supp. 1 for a copy of the Louisiana Supreme Court's denial in *State ex rel. Cheatham v. State*, 964 So.2d 354 (La. 9/28/07)(No. 2006-KH-2962).

[11]See Federal Rec. Doc. 1-1.

review as the federal petition is time-barred.  The response does not address the merits of the claims raised.[12]

## <u>TIMELINESS</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* 28 U.S.C. § 2244(d)(1) (West 2005), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  On June 25, 2004, the First Circuit Court of Appeal affirmed Cheatham's conviction.  Cheatham filed an application for writ of certiorari with the Louisiana Supreme Court and was denied relief on November 24, 2004.  No further appeal of this action was taken by Cheatham, thus his conviction became final on February 22, 2005, ninety days after the Louisiana Supreme Court denied his application for writ of certorari.[13]  Thus, the one year federal limitations period commenced to run on February 23, 2005 and would expire on February 23,

---

[12]See Federal Rec. Doc. 9 at pp. 1-6.

[13]*See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time of seeking such review... [T]his includes the ninety days allowed for a petition to the Supreme Court following entry of judgment by the state court of last resort [quotation and footnote omitted].")

2006.[14]  Petitioner did not file the instant action until October 22, 2007.[15]  Thus, petitioner's challenge to his 2002 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28. U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Cheatham filed his first state post-conviction application in the state courts on November 22, 2005, after allowing a lapse of **271** days (from February 23, 2005 to November 21, 2005=271 days).  These two hundred and seventy one days will count against petitioner's one year federal limitation period.  The state district court denied Cheatam's application on June 23, 2006.  At this point, Cheatham had thirty days to file a writ application in the Louisiana First Circuit Court of Appeal, or until July 23,

---

[14]See 28 U.S.C. § 2244(d)(1)

[15]This October 22, 2007, filing date was ascertained via the Court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

2006.[16] In *Melancon v. Kaylo*, the United States Court of Appeals for the Fifth Circuit held that because Louisiana Court of Appeal Rule 4-3 entitled the Court of Appeal to consider an application for supervisory writ on the merits, and the court did consider the application on the merits, the application was properly filed and the limitations period was tolled, even though more than thirty days had passed since the state district court denied the petitioner's application.[17] Thus, even if an application for a supervisory writ on the merits to a court of appeal was filed after the thirty day time period, the application is still considered properly filed and the one year time limit is tolled once the application is filed.

Petitioner allowed 47 additional days to elapse after the July 23, 2006 deadline before he filed a writ application with the Louisiana First Circuit Court of Appeal on September 8, 2006. In the state's answer to the applicant's petition for writ, the state incorrectly claims that Cheatham filed a writ application with the Louisiana First Circuit Court of Appeal on September 28, 2006, making his filing 67 days late after the time for delays had expired.[18] However, the record clearly shows that Cheatham's writ application was filed on September 8, 2006, 47 days after the 30-day filing

---

[16]Uniform Rules of the Courts of Appeal, Rule 4-3.

[17]*Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

[18]See Federal Rec. Doc. 9 at p. 3.

deadline.[19]  Thus, a 47 day lapse will count against Cheatham's one year federal limitation period, bringing the total days he has allowed to lapse against his one year federal limitation to 318 days (47 days plus the 271 days which previously lapsed before he filed his first state post-conviction application).

After the Louisiana First Circuit Court of Appeal denied relief on October 30, 2006, Cheatham next filed a writ with the Louisiana Supreme Court. This post-conviction application was pending until the Louisiana Supreme Court denied relief on September 28, 2007.  At this point, however, the State argues that Cheatham's writ to the Louisiana Supreme  Court was untimely as he allowed the thirty days within which to seek review from the Louisiana Supreme Court, under state law, to expire before filing his writ application. However, the record shows that Cheatham's application was tendered earlier than the December 18, 2006 stamped filing date.  A copy of Cheatham's petition for writ with the Louisiana Supreme Court evidences that petitioner's application was metered on December 12, 2006.[20]  Additionally, petitioner's application indicates that it was signed by Cheatham on November 27,

---

[19]See State Court Rec. vol. Supp. 1. for a copy of the application, Writ No. 2006-KW-1788.

[20]See State Court Rec. vol. 1 for a copy of a envelope from petitioner to the Clerk, Louisiana Supreme Court, confirming the metered date of petitioner's writ application.

2006.[21]  In *Causey v. Cain*, 2006 WL 1413490, *3-*5 (5th Cir. 2006), the Fifth Circuit, based chiefly upon its finding that "the Louisiana Supreme Court has applied the prison mailbox rule with unfailing consistency as a matter of state law", decreed that the mailbox rule be employed in ascertaining the filing date of a prisoner's Louisiana state court pleadings in the context of determining the timeliness of his federal habeas corpus application.  Under the "prison mailbox rule" set forth in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), a pleading filed by a prisoner acting pro se is considered filed at the moment it is delivered to prison authorities for forwarding to the district court.  *Causey,* 450 F.3d at 604. The reasoning behind such a rule, as the Supreme Court explained in *Houston*, is the fact that prisoners, unlike other litigants, cannot "personally travel to the courthouse" to ensure the timely filing of their court pleadings. *Houston*, 487 U.S. at 270-71, 108 S.Ct. at 2382.  Accordingly, Cheatham's writ application to the Louisiana Supreme Court is considered filed, pursuant to *Causey v. Cain*, on November 27, 2006.

Therefore, the court finds that petitioner's writ application[22] was filed with the Louisiana Supreme Court on November 27, 2006 in a timely fashion and, as a result,

---

[21]See State Rec. vol. 1, copy of application, signed November 27, 2006.  Writ. No. 2006-KH-2962.

[22]See State Rec. vol. 1 for a copy of petitioner's writ application.

acts to toll the limitations period until the writ application was denied on September 28, 2007. Petitioner then allowed a lapse of only **23** days for a total lapse of **341** days (318 + 23= 341 days). Therefore, Cheatham's federal habeas petition is considered timely filed under 28 U.S.C. §2244(d)(1) and (2).

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the State's response to the petition for issuance of writ of habeas corpus filed by Robert Cheatham be REJECTED and the petition be found to be timely filed. Therefore, IT IS HEREBY ORDERED that the State submit, within 30 days of this Report and Recommendation, or as applicable, within 30 days of the district court's order adopting this Report and Recommendation, a response addressing the merits of petitioner's application for federal habeas relief.[23]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been

---

[23]If this Report & Recommendation is not so adopted, further instructions will be forthcoming from the district court.

served with notice that such consequences will result from a failure to object.

*Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of September, 2009.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE